United States District Court
Southern District of Texas
**ENTERED**
July 10, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **ELISA NATIVIDAD BENAVIDES QUINATOA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-01009** |
| | § | |
| **UNITED STATES ATTORNEY, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

# ORDER

Pending before the Court is a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 224, (Dkt. 1), brought by *pro se* Petitioner Elisa Natividad Benavides Quinatoa ("Petitioner").

Petitioner challenges her detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS) arguing that her detention violated her due process rights under the Fifth Amendment. (Dkt. 1 at 7–13.) The Court ordered Respondents to file a response to the habeas petition on or before June 9, 2026. Respondents filed a timely Response to Petitioner's Writ of Habeas Corpus, Motion to Dismiss, and Alternatively, Motion for Summary Judgment informing the Court that Petitioner was subject to a final order of removal and that her removal was tentatively scheduled to occur early in June of 2026. (Dkt. 9 at 2.) Subsequently, on June 17, 2026, Respondents submitted an advisory in compliance with the Court's Order, (Dkt. 6), informing that Court that the Department of Homeland Security (DHS) planned on removing Petitioner from the United States on June 22, 2026. (Dkt. 11.) On July 9, 2026, Respondents submitted a status report confirming that Petitioner was removed from the United States on June 22, 2026, and thus, is no longer in ICE custody. (*See* Dkt. 13.)

"A case becomes moot only when it is impossible for a court to grant 'any effectual relief whatever' to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)) (citation modified). In the immigration context, the removal of a noncitizen who challenges only the duration or conditions of his or her detention will typically moot the case because the requested relief can no longer be effectuated by the court. *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988); *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003) (unpublished); *Sodipo v. U.S. Dep't of Just.*, 37 F.3d 629 (5th Cir. 1994) (unpublished); *Soliman v. United States*, 296 F.3d 1237, 1243 (11th Cir. 2002). However, there are exceptions to mootness when the noncitizen can show that she would suffer collateral consequences because of the challenged detention or when there is a possibility for the challenged detention to recur in the future. *See, e.g.*, *Umanzor v. Lambert*, 782 F.2d 1299, 1301 (5th Cir. 1986); *Rosales-Garcia v. Holland*, 322 F.3d 386, 395–97 (6th Cir. 2003).

Here, Petitioner was removed from the United States on June 22, 2026, pursuant to a removal order. (Dkts. 9, 11, 13.) Because Petitioner only challenged her ongoing detention, the petition for writ of habeas corpus is moot because she has now been released from confinement in DHS custody and there is no possible relief to be effectuated.

Accordingly, it is **ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE** as moot. The Clerk is hereby **DIRECTED** to terminate the case and all pending motions.

IT IS SO ORDERED.

SIGNED this July 10, 2026.

Diana Saldaña
United States District Judge